UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| **JCB OF GAINESVILLE, INC.**, a Florida, corporation doing business as "Café Risque", **MHHS-SINSATIONS, LLC**, a Florida limited liability company doing business as Sinsations", **EXOTIC FANTASIES, INC.**, a Florida corporation, and **SERENITY MICHELLE BUSHEY**, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> **ASHLEY MOODY**, in her official capacity as Attorney General of the State of Florida, and as Chair of the Statewide Council on Human Trafficking, **BRIAN S. KRAMER**, in his official Capacity as State Attorney for the Eighth Judicial Circuit of Florida, and **MELISSA W. NELSON**, in her official capacity as State Attorney for the Fourth Judicial Circuit of Florida, <br><br> Defendants. | **CASE NO.:** |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND PERMANENT INJUNCTION

Plaintiffs bring this suit pursuant to 42 U.S.C. §1983, seeking a judgment

declaring that HB 7063 (2024) violates the First and Fourteenth Amendments on its

face and as applied to these Plaintiffs. Plaintiffs further pray for issuance of an injunction against that unconstitutional law.

## **JURISDICTION**

1.      This suit is brought pursuant to 42 U.S.C. §1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

2.      This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331 to hear cases arising under the Constitution of the United States, under 28 U.S.C. §1343(3) to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution and under 28 U.SC. §1343(4) to secure equitable relief or other relief for the protection of civil rights.

3.      The Court has the authority to issue declaratory judgments and permanent injunctions pursuant to 28 U.S.C. §§2201 and 2202, and Rule 65, Fed.R.Civ.P.

4.      The Court may enter an award of attorney's fees pursuant to 42 U.S.C. §1988.

5.      This Complaint seeks declaratory and injunctive relief to prevent violations of the Plaintiffs' rights, privileges and immunities under the Constitution

of the United States and Title 42 U.S.C. §§1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First and Fourteenth Amendments to the Constitution.

6.     This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the constitutionality of a Florida statute (HB 7063) enforced by the named Defendants. There are substantial *bona fide* doubts, disputes, and questions that must be resolved concerning the Defendants' actions taken under color and authority of "state" law and procedures, in violation of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

## VENUE

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. Furthermore, the local venue privilege provides that jurisdiction lies in this District and Division as the lead Defendant has her official headquarters in this Division.

## PARTIES

8.     Plaintiff, JCB OF GAINESVILLE is a Florida corporation which operates an adult entertainment establishment known as "Café Risque" located at

17035 S.E. County Road 234,, Micanopy, Alachua County, Florida (hereinafter "Café Risque"). Café Risque is located in the Eighth Judicial Circuit of Florida. Café Risque is the entity beneficially interested in the relief herein sought and seeks to invoke the original jurisdiction of this Court on account of the facts and matters herein stated.

9.      Plaintiff, MHHS-SINSATIONS, LLC, is a Florida corporation which operates an adult entertainment establishment known as "Sinsations" located at 2560 Emerson Street, Jacksonville, Duval County, Florida (hereinafter "Sinsations"). Sinsations is located in the Fourth Judicial Circuit of Florida. Sinsations is the entity beneficially interested in the relief herein sought and seeks to invoke the original jurisdiction of this Court on account of the facts and matters herein stated.

10.      Plaintiff EXOTIC FANTASIES, INC., is a Florida corporation which does business under that name located at 3625 Emerson Street, Jacksonville, Duval County, Florida (hereinafter "Exotic Fantasies"). Exotic Fantasies is located in the Fourth Judicial Circuit of Florida. Exotic Fantasies is the entity beneficially interested in the relief herein sought and seeks to invoke the original jurisdiction of this Court on account of the facts and matters

11.      Plaintiff SERENITY MICHELLE BUSHEY is an individual, *sui juris*, residing within Alachua County, Florida  (hereinafter "Bushey"). Her residence and place of work are both within the Eighth Judicial Circuit of Florida. At all times

material hereto, and until the effective date of HB 7063, Bushey has been a performer at Café Risque. Bushey is nineteen years of age and is subject to the ban on performers under the age of twenty-one.

12.   Defendant ASHLEY MOODY is the Attorney General of the State of Florida and is sued in her official capacity. The Attorney General is ultimately responsible for the enforcement of the laws of the State of Florida. The Attorney General is Florida's chief legal officer and is vested with broad authority to act in the public interest and, when she deems it necessary, to defend statutes against constitutional attack. The Attorney General has the statutory duty to "appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, [in the] courts of this state or in any courts of any other state or of the United States." *See*, §§16.01(4), (5), <u>Fla.Stat.</u> The Attorney General also has authority under the common law to protect the public interest through litigation.

13.   Defendant ASHLEY MOODY is the chair of the Statewide Council on Human Trafficking, a division of state government within the Department of Legal Affairs, which was created by the Florida Legislature. Pursuant to §16.617, <u>Fla.Stat.</u>:

> The council is created for the purpose of enhancing the development and coordination of state and local law enforcement and social services responses to fight commercial sexual exploitation as a form of human trafficking and to support victims.

Among its responsibilities, the Statewide Council on Human Trafficking is charged with "[making] recommendations for apprehending and prosecuting traffickers and enhancing coordination of responses." *See*, §16.617(4)(c) <u>Fla.Stat.</u>[1]

13.    Defendant ASHLEY MOODY is responsible, in part, for the creation and oversight of the Florida Human Trafficking Hotline, which is the point of contact for victims and witnesses mandated by Sections 2, 3, 4, and 5 of HB 7063.[2]

14.    Defendant BRIAN S. KRAMER is the State Attorney for the Eighth Judicial Circuit of Florida and is sued in his official capacity. Article V, 17, FLA.CONST. provides that "the state attorney shall be the prosecuting officer of all trial courts in that circuit…". BRIAN S. KRAMER is charged with enforcing Florida

---

[1] These same responsibilities are reflected on the Attorney General's website, *See*, https://www.myfloridalegal.com/human-trafficking/council (last accessed 6/26/24).

[2]  According to the Attorney General's website:

> Attorney General Ashley Moody and Florida's Statewide Council on Human Trafficking, working with the Florida Department of Law Enforcement, created a Florida-specific tipline. Monday, Governor Ron DeSantis signed a bill mandating the new statewide tipline be displayed on human trafficking awareness signs across Florida. Anyone who suspects human trafficking in Florida is now urged to call 855-FLA-SAFE.

*See*, https://www.myfloridalegal.com/newsrelease/video-florida-launches-statewide-human-trafficking-hotline-after-radical-ceo-demands#:~:text=Anyone%20who%20suspects%20human%20trafficking,committed%20to%20ending%20human%20trafficking. (last accessed 6/26/24).

laws, including HB 7063, in Alachua County and elsewhere in the Eighth Judicial Circuit.

15.    Defendant MELISSA W. NELSON, is the State Attorney for the Fourth Judicial Circuit of Florida and is sued in her official capacity. Article V, 17, FLA.CONST. provides that "the state attorney shall be the prosecuting officer of all trial courts in that circuit…". MELISSA W. NELSON is charged with enforcing Florida laws, including HB 7063, in Duval County and elsewhere in the Fourth Judicial Circuit.

## COLOR OF STATE LAW

16.    All named Defendants are state officials who are acting under color of state law and authority.

17.    The actions of Defendants, acting under color of state law, violate Plaintiffs' constitutional rights to engage in free speech and to enjoy the equal protection of the laws.

## FACTS RELATIVE TO PLAINTIFFS' OPERATIONS AND PERFORMANCES

18.    Café Risque owns and operates a restaurant in unincorporated Alachua County Florida. Café Risque provides entertainment for its patrons in the form of live fully nude entertainment by female performers. Café Risque does not serve alcoholic beverages.

19.    Sinsations owns and operates a nude dancing establishment which does not serve alcoholic beverage. Its format may generally be described as a "juice bar" featuring fully nude dance performances by female dancers.

20.    Exotic Fantasies operates a commercial retail store which markets a variety of lingerie, club wear, accessories and lotions as well as  a modest amount of adult-oriented videos and sexual devices ("novelties"). Exotic Fantasies does not provide any live entertainment and does not provide booths or facilities for on-premises viewing of its media. No products sold by Exotic Fantasies are utilized on the premises; all products are sold on a take-out only retail basis.

21.    All clerks, managers and other employees of Exotic Fantasies are fully clothed at all times. Employees are required to wear causal business attire of the kind typically worn by employees in retail clothing stores in Florida.

22.    Section 9 of HB 7063 creates new Florida Statute 787.30, which states that "Adult entertainment establishment" has the same meaning as in s. 847.001.".

23.    Café Risque and Sinsations are "adult entertainment establishments" for purposes of both §847.001, Fla.Stat. and §787.30(1)(a) as they provide live nude entertainment.[3]

---

[3] Section 847.001 includes a number of subcategories of "adult entertainment establishments" Café Risque and Sinsations fall under the subcategory designated "Special Cabaret":   [Definition found on following page]

24.    Exotic Fantasies is an "adult entertainment establishment" for purposes of both §847.001, Fla.Stat. and §787.30(1)(a) because it markets and sells, adult oriented videos.[4]

25.    Café Risque has operated at its present location since approximately 1993, as a good corporate citizen and with no instances of human trafficking in connection with its operations.

26.    For many years, and up to the July 1, 2024 effective date of HB 7063, Café Risque contracted with adult entertainers who were over the age of eighteen but under the age of twenty-one to provide live nude entertainment for its patrons.

27.    Plaintiff Bushey was among those adult performers who danced nude

---

(c)    "Special Cabaret" means any business that features persons who engage in specific sexual activities for observation by patrons, and which restricts or purports to restrict admission only to adults.

§847.001(2)(c), Fla.Stat.

[4]   Exotic Fantasies falls under the category of adult business designated "Adult Bookstore"

(a) "Adult bookstore" means any corporation, partnership, or business of any kind which restricts or purports to restrict admission only to adults, which has as part of its stock books, magazines, other periodicals, videos, discs, or other graphic media and which offers, sells, provides, or rents for a fee any sexually oriented material.

§847.001(2)(a), Fla.Stat.

at Café Risque. Because she is under the age of twenty-one, Bushey can no longer perform at Café Risque and she has lost her job as a performer.

28.     HB 7063 does not have a "grandfather clause" so that performers under the age of twenty-one must be immediately terminated after July 1, 2024 regardless of the length of time they have performed or the circumstances of their prior performances. For all such current performers, HB 7063 imposes a complete and immediate ban on their exotic dance performances

29.     In addition to Bushey, at least eight other adult performers who were over the age of eighteen, but under the age of twenty-one, are no longer able to perform at Café Risque because of HB 7063.

30.     Café Risque would continue to promote and produce entertainment including adult performers under the age of twenty-one but for the complete ban on such performances imposed by HB 7063.

31.     Sinsations has operated at its present location since approximately 1993, as a good corporate citizen and with no instances of human trafficking in connection with its operations.

32.     In the recent past, Sinsations provided entertainment for its customers in the form of live nude dance which included adult performers under the age of twenty-one.

33.    In 2020, the City of Jacksonville enacted amendments to its adult entertainment ordinance (Chap. 150) which prohibited exotic dance performers under the age of twenty-one. Sinsations filed a Federal suit against enforcement of that ordinance.. That litigation continues before the U.S. Eleventh Circuit Court of Appeals, which recently heard oral argument in the case of <u>Wacko's Too, Inc., et al v. City of Jacksonville</u>, Case No.: 23-10801  (11th Cir) (Consolidated cases). Until the Jacksonville ordinance was enforced, Sinsations promoted and produced entertainment by adult performers under the age of twenty-one. Sinsations will do so again if its constitutional rights are vindicated by the Courts.

34.    At all times material hereto, Bushey has been a professional entertainer who regularly performed at Café Risque. As with similar performers around the state, Bushey earned her living through her art while providing entertainment for the benefit and enjoyment of her audience.

35.    There are numerous reasons why an adult entertainment establishment may choose to specifically promote and produce entertainment by an adult performer under the age of twenty-one. A non-exclusive list would include such factors as:

A.    Increasing the pool of available performers;

B.     Catering to a younger adult audience;

C.    Promoting the performances of a particularly skilled performer who has developed a fan base;

D.     Marketing and promoting the performance of a "feature entertainer" - oftentimes an adult film star - as a special event to draw attention to the club.

E.     Contracting with a particular individual for idiosyncratic reasons personal to that performer such as a desire to assist with college expenses or to provide a well-paying job in a difficult economy.

F.     Simply to exercise one's First Amendment rights in a free society.

36.    Plaintiffs maintain that the human body is a thing of beauty which, when combined with music and rhythmic motion in the form of dance, conveys an important message of eroticism. Plaintiffs believe that providing this form of expressive communication to the public is a beneficial social activity which enhances individuals' conscious ability to assimilate and consider various issues involving sexual candor and the interest in human sexuality that all human beings have to a greater or lesser degree. Plaintiffs further believe that this expression enhances the appreciation of the human body, with an emphasis on the consideration of popular contemporary concepts of physical attractiveness and the stimulating and entertaining aspects of same, which are clear characteristics of a normal and healthy interest in human sexuality.

37.    The expression offered by Plaintiffs is not intended to be, nor is it, obscene as contemplated by contemporary community standards. Plaintiffs do not intend this expression to appeal to any prurient interest. These performances are

presumptively protected by the First Amendment to the Constitution of the United States. Plaintiffs have a clear legal right to engage in protected speech of this nature.

38.     This expressive activity is performed before a consensual audience, all over the age of 18 years, desirous of receiving and enjoying the message conveyed by the entertainer of normal human sexual interest and sensual subtleties.

39.     While Exotic Fantasies can be considered an adult bookstore because it sells adult movies and sexual devices, it is not a "dirty book store" of the kind which once populated New York's Time Square. Many of those old-style stores offered on-premises viewing of pornographic movies, which are a rarity in the industry in the Twenty-First Century. In addition, stores which exclusively sell adult movies, books and magazines as their principal product line are very uncommon in today's world. Instead, most modern adult retail stores operate as boutiques which stock large amounts of lingerie and other retail goods and a relatively small percentage of adult media.

40.     Exotic Fantasies operates what the industry refers to as a "percentage store" because only a modest percentage[5] of its stock constitutes "sexually oriented

---

[5]     In the City of Jacksonville, such stores must stock fewer than forty percent combined total of adult books, movies, magazines, and sexual novelties or devices. *See*, §150.103(a), City of Jacksonville Code.

material".[6]

41.     Exotic Fantasies has operated at its present location since approximately 1998, as a good corporate citizen and with no instances of human trafficking in connection with its operations.

42.     Over the years, Exotic Fantasies has employed adult clerks who were over the age of eighteen but under the age of twenty-one. Exotic Fantasies wishes to employ adult clerks under the age of twenty-one in the future, but is unable to do so because HB 7063 bans the employment of such individuals under all circumstances.

43.     In addition to dancers who perform on stage, Café Risque and Sinsations have in the past employed persons who are over the age of eighteen, but under the age of twenty-one, to work as cooks, waitresses, barbacks, deejays and security.

---

[6]   The term "sexually oriented material" is also imported into HB 7063 by incorporation of the §847.001 definitions:

> (21)   "Sexually oriented material" means any book, article, magazine, publication, or written matter of any kind or any drawing, etching, painting, photograph, motion picture film, or sound recording that depicts sexual activity, actual or simulated, involving human beings or human beings and animals, that exhibits uncovered human genitals or the pubic region in a lewd or lascivious manner, or that exhibits human male genitals in a discernibly turgid state, even if completely and opaquely covered.

§847.001(21), Fla.Stat.

44.     While those employees do not themselves engage in entertainment, they engage in work which is indispensable to the promotion and production of Plaintiffs' shows, which are fully protected by the First Amendment.

45.     Café Risque and Sinsations would hire young adult cooks, waitresses, barbacks, deejays, security and other employees who are under the age of twenty-one to work at their clubs but for the flat ban on such employees imposed by HB 7063.

46.     In the past, Café Risque, Sinsations and Exotic Fantasies have frequently contracted with third parties to perform services on their premises ranging from air conditioning repairs to installation of security cameras to carpentry work.

47.     On information and belief Café Risque, Sinsations and Exotic Fantasies allege that some of those third-party contracts for on-premises work were entered into directly with third parties who were over the age of eighteen but under the age of twenty-one.

48.     On information and belief Café Risque, Sinsations and Exotic Fantasies allege that some of the third-parties contracted to perform services on Plaintiffs' premises employed persons under the age of twenty-one to perform the actual work. By way of example, even if the elderly owner of an air conditioner repair service was over the age of eighteen, it is believed that some of his employees who actually performed the work on Plaintiffs' premises were under the age of twenty-one.

49.     Plaintiffs wish to contract with competent workman of all ages to perform services on their premises, but are unable to do so because HB 7063 bans them from signing contracts for work on the premises by anyone under the age of twenty-one.

## HB 7063 - THE "UNDER 21 LAW"

50.     On March 8, 2024, the Florida Legislature enacted HB 7063. Governor DeSantis signed the Bill into law on May 13, 2024. A copy of HB 7063 is attached as Exhibit "A" to this Complaint.

51.     By its terms, HB 7063 went into effect on July 1, 2024.

52.     Section 9 of HB 703 creates a new Florida Statute - §787.30 -  which prohibits adult entertainment establishments, including these Plaintiffs, from employing or contracting with any persons under the age of twenty-one. *See*, §787.30(2), Fla.Stat.

53.     HB 7063 bans Bushey from performing at Café Risque or at any other Adult Entertainment Establishment because she is under the age of twenty-one

54.     HB 7063 prohibits Café Risque and Sinsations from producing and promoting shows featuring performers under the age of twenty-one.

55.     HB 7063 prohibits Café Risque, Sinsations and Exotic Fantasies from contracting with any workers under the age of twenty-one - whether they be Plaintiffs' employees or independent contractors or employees hired by third parties.

56.     If an adult entertainment establishment does not provide nude entertainment, a violation of the statute is a first degree misdemeanor:

> (2)(a) Except as provided in paragraph (b), an owner, a manager, an employee, or a contractor of an adult entertainment establishment who knowingly employs, contracts with, contracts with another person to employ, or otherwise permits a person younger than 21 years of age to perform or work in an adult entertainment establishment commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

§787.30(2)(a), Fla.Stat.

57.     Exotic Fantasies, which has never had nude employees, is subject to a misdemeanor prosecution if it ever allows someone between the age of eighteen and twenty-one to work at its retail store.

58.     Where nude entertainment is a component of an adult entertainment establishment's productions, violation of the statute constitutes a second degree felony:

> (b)     An owner, a manager, an employee, or a contractor of an adult entertainment establishment who knowingly employs, contracts with, contracts with another person to employ, or otherwise permits a person younger than 21 years of age to perform or work while nude in an adult entertainment establishment commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§787.30(2)(b), Fla.Stat.

59.     Because Café Risque and Sinsations both offer nude dance entertainment at their businesses, they are subject to a felony prosecution if they ever

allow anyone between the age of eighteen and twenty-one in the future to perform at their clubs.

60.     Café Risque will be subject to prosecution for a second degree felony if it allows Bushey to perform at its establishment after July 1, 2024, and for the two year period thereafter, until she reaches the age of twenty-one.

61.     Any such prosecution would be brought by Defendant Kramer against Café Risque in the Eighth Judicial Circuit and by Defendant Nelson against Sinsations in the Fourth Judicial Circuit.

62.     Because enforcement of HB 7063, including §787.30, Fla.Stat., is not discretionary, Defendants will be obligated to charge and prosecute the Plaintiffs if they ever contract with an adult performer under the age of twenty-one or engage any other adult under the age of twenty-one to do work on their respective premises.

63.     Plaintiffs have a realistic fear of prosecution should they ever allow a performer or employee under the age of twenty-one to work on their premises after July 1, 2024.

64.     HB 7063 requires adult entertainment establishments to carefully check a performer's or employee's identification to confirm that they over the age of twenty-one:

> (3)     An owner, a manager, an employee, or a contractor of an adult entertainment establishment who permits a person to perform as an entertainer or work in any capacity for the establishment shall carefully

check the person's driver license or identification card issued by this state or another state of the United States, a passport, or a United States Uniformed Services identification card presented by the person and act in good faith and in reliance upon the representation and appearance of the person in the belief that the person is 21 years of age or older.

§787.30(3), Fla.Stat.

65.     That provision appears to insulate an adult entertainment establishment from prosecution for "knowingly" employing a person under the age of twenty-one so long as they "act in good faith and in reliance" on the tendered identification and the appearance of the performer / employee.

66.     However, elsewhere in the statute, HB 7063 specifically states that an adult entertainment establishment cannot defend against a prosecution by claiming diligent efforts to establish the age of a performer or worker:

(4)     For purposes of this section, a person's ignorance of another person's age or a person's misrepresentation of his or her age may not be raised as a defense in a prosecution for a violation of this section.

§787.30(4), Fla.Stat.

67.     Section §787.30(4), Fla.Stat. is in irreconcilable conflict with the remainder of the statute and imposes strict criminal liability in violation of Plaintiffs' due process rights.

## LEGISLATIVE HISTORY

68.     The original version of HB 7063 filed in the House did not include Section 9, creating new §787.30, Fla. Stat., nor did it include any legislative findings

of fact; those provisions were added relatively late in the enactment process.

69.     The legislative findings ultimately adopted by the Legislature and signed into law are based on inadequate and shoddy data. Plaintiff alleges the following particulars:

A.     The Legislature conducted no studies of its own.

B.     The Legislature considered little or no evidence in support of HB 7063.

C.     The Legislature uncritically relied on the existence of four cases: <u>Jane Doe v. Landry</u>, 909 F.3d 99 (5th Cir. 2018); <u>Valadez v. Paxton</u>, 553 F.Supp.3d 387 (W.D. Tex. 2021); <u>Operating, LLC v. Paxton</u>, 586 F.Supp.3d 554 (W.D. Tex. 2022); and <u>Wacko's Too, Inc., v. City of Jacksonville</u>, 658 F.Supp.3d 1086 (M.D. Fla. 2023) which upheld broadly similar legislation.[7]

D.     The Legislature failed to consider any countervailing evidence which is widely reported, commonly known and has been relied on by professionals, including law enforcement officers in this field. Among those reports and evidence are:

(1)     Statistics published in the Federal Human Trafficking Report

---

[7] The <u>Wacko's Too</u>, case is the same case currently before the Eleventh Circuit on an appeal brought by Sinsations and others.

show that most victims of human trafficking are solicited via the Internet[8] and that no more than one percent of victims nationwide are associated with strip clubs.[9]

(2)    Statistics published in the Federal Human Trafficking Report show that the average age when a victim is first trafficked is between fifteen and seventeen and that most such victims are minors rather than adults.[10]

(3)    Statistics published in the Federal Human Trafficking Report show that almost all human trafficking involving sex acts occurs at hotels or in private residences.  - by an extremely large margin. [11] The 2023 Federal Report does not report any of those acts as having occurred at strip clubs.[12]

---

[8] Reported at 87.7% in the 2018 Federal Report and 59% in the latest (2023) Federal Report. *See*, Doc. 30-6 at 25, Wacko's Too, Inc. v. Jacksonville, Case No.: 3:20-cv-00303-TJC-MCR [2018 Report] and Human Trafficking Institute, 2023 Federal Human Trafficking Report at 69, https://traffickinginstitute.org/wp-content/uploads/2024/06/2023-Federal-Human-Trafficking-Report-WEB-Spreads-LR.pdf (last accessed 6/27/24) [2023 Report].

[9]  Reported at 0.6% in 2018 and 1% in 2023. Id.

[10]  According to the 2023 Federal Trafficking Report, "[t]he average age of all real victims in sex trafficking cases was 15 years old." Id. at 39. (Last accessed 6/27/24).

[11] The 2018 Federal Report discloses that 81.5% of the time the victim was exploited at a hotel. Wacko's, Doc. 30-6 at 10. The 2023 Federal Report discloses that, of the 81 cases where the location of the act was known, 52 occurred at a hotel and 24 occurred at a private residence. 2023 Report at 75.

[12] Id.

(4)    HB 7063 itself acknowledges that "research studies have identified the average age at which a person in the United States enters the sex trade for the first time as 17 years of age." HB 7063 at 2-3 [Sixth "Whereas" clause].

(5)    Reported cases have found that broadly similar laws were unconstitutional violations of the First Amendment, including Essence, Inc. v. City of Fed. Heights, 285 F.3d 1272 (10th Cir. 2002), State v. Cafe Erotica, Inc., 500 S.E.2d 574 (Ga. 1998) and T. Weston, Inc. v. Mineral Cty., W.Va., 2008 WL 3474146 (N.D. W.Va. 2008).

(6)    Judicial notice was taken in the case of Wacko's Too, Inc. v. City of Jacksonville, 658 F.Supp. 3d 1086, 1107 n. 11 (M.D. Fla. 2023) that there had never been a human trafficking arrest in any of Jacksonville's adult entertainment establishments.

70.    The Legislature considered no evidence whatsoever during the course of the enactment of HB 7063 suggesting that adult bookstores such as Exotic Fantasies are associated with human trafficking or any other adverse secondary effects.

71.    There is no credible evidence linking adult bookstores such as Exotic Fantasies with human trafficking.

72.    The Legislative findings in HB 7063 are exclusively directed to "strip clubs" and sexual performances; none of those findings address adult bookstores

such as Exotic Fantasies or suggest that the retail sale of goods is associate with trafficking. *See*, HB 706 at 1-5 ["Whereas" clauses, generally].

73.     At no time during the enactment of HB 7063 did the Legislature consider any alternative forms of regulation which would burden First Amendment rights less severely; that is, the Legislature made no effort to solicit information in support of a more narrowly tailored law.

## FIRST AMENDMENT VIOLATIONS - SUMMARY

74.     HB 7063 violates the First Amendment rights of Plaintiffs and of all Florida residents over the age of eighteen, but younger than twenty-one.

75.     The Constitution does not permit the deprivation of First Amendment rights based on the age of *sui juris* citizens who have attained the age of eighteen.

76.     The ban against performances and services by persons under the age of twenty-one is content-based and cannot survive strict scrutiny. Plaintiffs allege the following particulars:

A.     The ban against performances and services by persons under the age of twenty-one is content-based because it only applies to Adult Entertainment Establishments, all of which provide exotic dance performances as entertainment or sell adult media. No other business or industry faces such an age-based ban in the State of Florida. *See*, Reed v. Town of Gilbert, Ariz., 576 U.S. 155, 163 (2015)

("Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

B.     The ban against performances and services by persons under the age of twenty-one is content-based because it defines the subject of regulation in terms of the content of the speech offered; that is, HB 7063 cannot be "'justified without reference to the content of the regulated speech," Id at 164.

C.     The ban against performances and services by persons under the age of twenty-one is content-based because HB 7063 was enacted by the State of Florida "because of disagreement with the message [the speech] conveys". Id.

D.     The ban on all performances and services by adults under the age of twenty-one in adult entertainment establishments is not targeted to "eliminate the exact source of the evil it sought to remedy." *See*, City Council v. Taxpayers for Vincent, 466 U.S. 789, 808 (1984); Frisby v. Schultz, 487 U.S. 474, 485–86 (1988).

E.     The ban against performances by persons under the age of twenty-one is not a time, place and manner restriction because it prohibits exotic dance performances by those individuals everywhere in the State of Florida, at all times and in every circumstance.

F.     HB 1603 is not a law of general application, but is a content-based ban targeting only those businesses and individuals providing exotic dancer performances and services to Adult Entertainment Establishments.

G.     The State of Florida lacks a compelling governing interest in support of its age ban and the regulation chosen to address the government interest does not employ the least restrictive means.

H.     The State's interest in deterring human trafficking - whether compelling or merely substantial – is not sufficiently advanced by the complete ban on performances by persons under the age of twenty-one.

I.     HB 7063 does not actually target human trafficking or the individuals responsible for those criminal acts. Instead, it regulates *only* the potential (if unlikely) victims of trafficking and only the subset of potential victims who are actively engaged in speech activities.

J.     The State considered no evidence or studies supporting the notion that human trafficking is associated with adult entertainment establishments or that trafficking is more common in such establishments; or, to the extent that such information was considered, it consisted of shoddy data which is insufficient to support the asserted government interest.

77.    Even if HB 7063 is not subject to strict scrutiny, the ban against performances and services by persons under the age of twenty-one infringes upon speech and expressive activities so that intermediate scrutiny must be applied - a standard which HB 7063 violates. Plaintiffs allege the following particulars:

A.     The ban on performers under the age of twenty-one is not narrowly tailored and does not advance the asserted government interest commensurate with the burden on free speech.

B.     During the enactment process, the State of Florida failed to consider any less burdensome alternative to the flat ban imposed by HB 7063.

C.     HB 7063 fails to provide for any alternative avenues of communication; indeed, there can be no alternative avenues as the law imposes a flat ban on performances or services by individuals under the age of twenty-one.

D.     There are abundant, reasonable alternatives to a flat ban on performances and services by individuals under the age of twenty-one, including individualized education, public service announcements, additional internal security and monitoring requirements by adult businesses, limiting performances to daytime hours, enhanced criminal penalties for those actually engaged in human trafficking, and better training of police officers.

E.     The State's interest in deterring human trafficking is not sufficiently advanced by the complete ban on performances by persons under the age of twenty-one; the regulation fails the "reasonable fit" test.

F.     The State's interest in limiting persons under the age of twenty-one from participating in the operation of Adult Entertainment Establishments – whether on the grounds of deterring human trafficking or otherwise - is either attenuated or

non-existent as evidenced by the fact that the State does not prohibit persons under the age of twenty-one from any of the following:

    (1)    Owning an Adult Entertainment Establishment;

    (2)    Patronizing an Adult Entertainment Establishment as a customer.

    (3)    Working as an adult film actor.[13]

G.    There is no evidence-based reason to believe that all persons under the age of twenty-one are susceptible to human trafficking, yet the statute prohibits the exercise of First Amendment rights based on an unproven assumption and shoddy data.

H.    There is no evidence-based reason to believe that adults under the age of twenty-one who work in adult retail stores, such as Exotic Fantasies, are uniquely susceptible to human trafficking or that trafficking *ever* occurs in such establishments.

---

[13] HB 7063 does not appear to prohibit an adult under the age of twenty-one from appearing as an actor in a pornographic movie. That is because adult motion picture productions do not fit within any of the §847.001 / §787.30(1)(a) definition of "Adult entertainment establishment". Such productions  do not involve retail sales or displays as contemplated for "adult bookstores" and "adult theaters" and they do not fit within "special cabarets" because the sexual activities are not observed by patrons at the time of production. Under HB 7063 a twenty year old performer who has merely been dancing suggestively must come off the stage but she can be immediately hired to star in a movie involving actual sexual activity.

I.      The age-based ban makes no attempt to distinguish between individuals in adult entertainment establishments providing alcoholic beverages and those who perform in "juice bars" or retail stores. To the extent that the Statute is justified on the basis of the Twenty-First Amendment, that justification does not apply to these Plaintiffs, or similarly situated clubs and retail stores.

78.     The Statute is overbroad because it includes adult retail stores within its scope despite the complete lack of evidence that such businesses are associated in any way with human trafficking, or that clerks and other employees in such businesses are uniquely at risk.

79.     The Statute is constitutionally underinclusive for much the same reason that it fails narrow tailoring. If the State actually intended to target human trafficking rather than exotic dancers, it would also have prohibited persons under the age of twenty-one from entering an Adult Entertainment Establishment or having any other affiliation with such establishments. *See, generally*, City of Ladue v. Gilleo, 512 U.S. 43, 51, 114 S.Ct. 2038 (1994).

80.     To the extent that the statute is premised on the doctrine of adverse secondary effects, the Legislature relied on shoddy data which does not support a law which uniquely burdens adult entertainment establishments.

81.     The statute improperly restrains the speech rights of current performers such as Bushey who are under the age of twenty-one. The Statute does not

"grandfather" existing performers and makes no effort to preserve their constitutional rights.

82.     In addition to the infringement of Plaintiffs' speech interests, the ban on performers, contractors and employees under the age of twenty-one infringes on the Plaintiffs' First Amendment right of association. Plaintiffs allege the following particulars:

A.      Café Risque and Sinsations have a right to produce and promote shows with the adult performers of their choice, without regard to age.

B.      Café Risque, Sinsations and Exotic Fantasies have the right to select the adult staff and employees of their choosing to assist in the dissemination of their speech, without regard to age.

C.      Busey, a *sui juris* adult, has the right to perform in any lawful business of her choosing and to associate with the producers and promoters she prefers regardless of the fact that she is under the age of twenty-one.

**<u>EQUAL PROTECTION VIOLATIONS - SUMMARY</u>**

83.     The ban on performers under the age of twenty-one violates Plaintiffs' right of Equal Protection as guaranteed by the Fourteenth Amendment. Plaintiffs allege the following particulars:

A.    The ban directly affects the fundamental (First Amendment) rights of adults under the age of twenty-one but over the age of eighteen. Accordingly, heightened scrutiny is employed when weighing the asserted government interest.

B.    The age-based ban on performers under the age of twenty-one is not supported by a compelling government interest and does not adopt the least restrictive means of regulation.

C.    The distinction made between adults over the age of twenty-one and those under twenty-one is discriminatory and does not advance a substantial government interest; rather, it is irrational, arbitrary and invidious. Furthermore, the age-based distinction is directly linked to the content of the speech of the disadvantaged speaker.

D.    The State irrationally allows customers under the age of twenty-one to enter the premises as patrons while excluding performers of comparable age.

E.    The State irrationally allows persons under the age of twenty-one to own Adult Entertainment Establishments and to employ other persons in those establishments who are over the age of twenty-one while excluding performers of comparable age from the premises altogether.

G.    The ban is irrational as applied to take-out only adult bookstores such as Exotic Fantasies, which do not provide on-premises viewing or live entertainment; there is no evidence whatsoever that such stores are associated with

human trafficking or that their adult employees are uniquely vulnerable to trafficking.

H.   The ban would prohibit the owner of an adult entertainment establishment who is over eighteen but under the age of twenty-one from coming on to the premises at any time for the purpose of supervising his entertainers, checking the books, ordering supplies and otherwise running his business.

## DUE PROCESS VIOLATIONS - SUMMARY

84.   There is an inherent conflict between §§787.30(2) and (3), which state that an individual must act in good faith and in reliance on government-issued IDs and is subject to prosecution only if a violation is "knowing" and §787.30(4) which states that ignorance of a contractor or employee's age cannot be asserted as a defense.

85.   The conflict between those sections is irreconcilable and renders HB 7063 void for vagueness; its provisions are intrinsically arbitrary and capricious.

86.   Section 787.30(4) imposes strict criminal liability without a showing of *mens rea*, because it prohibits any defense based on reliance on a colorable government I.D. (i.e., an accused cannot assert lack of a "knowing" violation). Because misdemeanor and felony penalties both provide for incarceration upon conviction, HB 7063 violates fundamental due process rights. *See*, Lady J. Lingerie, Inc. v. City of Jacksonville, 176 F.3d 1358, 1367–68 (11th Cir. 1999).

## ALLEGATIONS IN SUPPORT OF INJUNCTIVE RELIEF

87.    Plaintiff Bushey is under the age of twenty-one and will be banned from performing at Café Risque or any other adult entertainment establishment in the State of Florida.

88.    HB 7063 prohibits Café Risque and Sinsations from producing shows featuring performers under the age of twenty-one.

89.    HB 7063 prohibits Café Risque, Sinsations and Erotic Fantasies from contracting with and employing individuals of their choosing to assist in the production, promotion and dissemination of their First Amendment protected communications.

90.    All of the Plaintiffs' speech rights have been chilled now, and in the future, as they risk prosecution and the loss of their livelihoods, if they continue to engage in the kind of speech to which the State of Florida objects; to-wit: exotic dance performances and the sale of adult retail goods.

91.    Unless the enforcement of HB 7063 is enjoined by this Court, including any prosecutions which may by brought by the Defendants, all of the Plaintiffs will suffer the continuing loss of their constitutional rights.

92.    All of the Plaintiffs have suffered irreparable injury and continue to suffer irreparable injury as a result of HB 7063 and the Defendants' threat to enforce it.

93.     None of the Plaintiffs has a plain, adequate or complete remedy to protect their constitutional rights and to redress the wrongs and illegal acts complained of, other than immediate and continuing injunctive relief.

94.     None of the Plaintiffs has an adequate remedy at law. Deprivation of rights guaranteed under the Constitution is an irreparable injury for purposes of injunctive relief. In cases involving the loss of First Amendment rights, such as in this case, damages are both inadequate and unascertainable.

95.     The public interest would be served by the granting of injunctive relief. In fact, the public interest is disserved by laws, such as the challenged Ordinance, which interfere with the public's rights guaranteed under the First and Fourteenth Amendments.

96.     A permanent injunction will preserve Plaintiffs' civil rights and will minimize the need to award extensive compensatory damages.

97.     The numerous constitutional defects in HB 7063, and the interrelated nature of these provisions, precludes severance of the unconstitutional provisions.

**<u>DAMAGES AND ATTORNEY'S FEES</u>**

98.     Because of the Defendants' actions, Plaintiffs' First and Fourteenth Amendment rights have been violated and Plaintiffs are faced with similar and repeated violations of their rights in the future if they do not abandon their speech activities.

99.    Plaintiff Bussey has lost her livelihood, and has suffered lost profits and income as a result of the enactment of HB 7063.

100.   All Plaintiffs have suffered nominal damages on account of the violation of their First and Fourteenth Amendment rights.

101.   Plaintiffs have retained Benjamin, Aaronson, Edinger & Patanzo, P.A. as their attorneys to represent them in this action and have agreed to pay them a reasonable fee, which fee Defendants must pay pursuant to 42 U.S.C. §1988.

## <u>COUNT I</u>
## THE AGE-BASED BAN IS
## CONTENT-BASED IN VIOLATION OF THE FIRST AMENDMENT

102.   Plaintiffs reallege the facts set forth in Paragraphs 1-77, 80-82, and 87-101,  and incorporate those facts into this Count by reference.

103.   This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

104.   Plaintiffs are uncertain as to their rights and remedies under HB 7063, as it has been applied to Plaintiffs in violation of the Speech Clause of the First Amendment to the United States Constitution.

105.   HB 7063 violates the First Amendment rights of individuals over the age of eighteen, but younger than twenty-one as well as those wishing to contract,

employ and associate with them. *Compare*, Essence, Inc. v. City of Fed. Heights, 285 F.3d 1272 (10th Cir. 2002); State v. Cafe Erotica, Inc., 500 S.E.2d 574 (Ga. 1998); T. Weston, Inc. v. Mineral Cty., W.Va., 2008 WL 3474146  (N.D. W. Va. 2008).

106.   The State of Florida lacks a compelling governmental interest in support of its age ban.

107.   HB 7063 does not employ the least restrictive means of regulation.

108.   The content-based nature of HB 7063 is clearly indicated by the dramatic underinclusivity of the statute - particularly the fact that young adults may patronize adult entertainment establishments but cannot not engage in First Amendment protected speech in those same establishments.

109.   Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against these Plaintiffs.

110.   As a direct and proximate result of the enactment of HB 7063, Plaintiffs have already suffered irreparable injury in the form of violations of their constitutional rights and will continue to suffer this harm in the future.

111.   Plaintiffs are is entitled to preliminary and permanent injunctive relief, including but not limited to, an order enjoining all Defendants from enforcing HB 7063.

112.   Plaintiffs are also entitled to declaratory relief. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their rights under the United States Constitution.

WHEREFORE, Plaintiffs pray for the following relief:

A.     That this Court take jurisdiction over the parties and this cause.

B.     That this Court enter a judgment declaring that HB 7063 is unconstitutional on its face and as applied to the Plaintiffs because the ban on adult performers, contractors and employees under the age of twenty-one is a content-based restriction on speech in violation of the First Amendment.

C.     That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing HB 7063 against Plaintiffs and all other similarly situated persons.

D.     That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.     That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

## <u>COUNT II</u>
### THE AGE-BASED BAN
### FAILS INTERMEDIATE SCRUTINY UNDER THE FIRST AMENDMENT

113.   Plaintiffs reallege the facts set forth in Paragraphs 1-78, 80-82, and 87-101,  and incorporate those facts into this Count by reference.

114.   This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

115.   Plaintiffs are uncertain as to their rights and remedies under HB 7063, as it has been applied to Plaintiffs in violation of the First Amendment to the United States Constitution.

116.   Plaintiffs maintain that HB 7063 is a content-based ban on speech which cannot survive strict scrutiny.

117.   To the extent that HB 7063 is deemed to be content-neutral under the doctrine of adverse secondary effects or otherwise, it nonetheless fails intermediate scrutiny.

118.   HB 7063 fails to provide alternative avenues of communication as it flatly prohibits adult entertainment establishments from contracting for performances and services with individuals between the ages of eighteen and twenty-one at all times, and bars dance performances by individuals like Plaintiff Bushey. That ban applies at all times, in every place and regardless of the manner of presentation.

119.   HB 7063 is not narrowly tailored nor did the Legislature even consider any less restrictive form of regulation.

120.   HB 7063 unreasonably burdens speech without measurably advancing any significant governmental interest.

121.   The "fit" between regulation and perceived basis for regulation is unreasonable and untenable given the ready availability of alternative means of regulation which could accomplish the State's interests without unduly burdening speech.

122.   Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against these Plaintiffs.

123.   As a direct and proximate result of the enactment of HB 7063, Plaintiffs have already suffered irreparable injury in the form of violations of their constitutional rights and will continue to suffer this harm in the future.

124.   Plaintiffs are is entitled to preliminary and permanent injunctive relief, including but not limited to, an order enjoining all Defendants from enforcing HB 7063.

125.   Plaintiffs are also entitled to declaratory relief. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their rights under the United States Constitution.

WHEREFORE, Plaintiffs pray for the following relief:

A.     That this Court take jurisdiction over the parties and this cause.

B.     That this Court enter a judgment declaring that HB 7063 is unconstitutional on its face and as applied to the Plaintiffs because the ban on adult performers, contractors and employees under the age of twenty-one fails intermediate scrutiny under the First Amendment; the statute is not narrowly tailored and does not advance a substantial governmental interest.

C.     That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing HB 7063 against Plaintiffs and all other similarly situated persons.

D.     That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.     That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

## COUNT III
## HB 7063 IS UNCONSTITUTIONALLY OVERBROAD IN ITS APPLICATION TO ADULT BOOKSTORES

126.   Plaintiffs reallege the facts set forth in Paragraphs 1-77, 79-80, and 87-101, and incorporate those facts into this Count by reference.

127.   This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

128.   Plaintiff Exotic Fantasies is uncertain as to its rights and remedies under HB 7063, as it has been applied to Plaintiff in violation of the Speech Clause of the First Amendment to the United States Constitution.

129.   HB 7063 burdens adult take-out only retail stores, such as Exotic Fantasies, because the prohibition against employing or contracting with adult individuals under the age of twenty-one impacts its ability to recruit and retain staff necessary to disseminate its chosen speech: sexually explicit books, magazines and movies.

130.   HB 7063 "prohibits a substantial amount of protected expression." United States v. Stevens, 559 U.S. 460, 473 (2010).

131.   The flat ban on employing or contracting with adults between the ages of eighteen and twenty-one reaches a real and substantial range of protected expression, including speech by adult take-out only retail stores such as Exotic Fantasies.

132.   The categorical ban on speech imposed by HB 7063 is not sensitive to specific speech in context and is not supported by legislative findings of fact which might serve to either justify or narrow the broad scope of the censorship scheme.

133. HB 7063 has a strong likelihood of deterring speech which is not properly subject to the law including the dissemination of adult books, magazines and movies in a retail setting which poses no unique risk of human trafficking.

134. There is no link between the government's asserted interest in deterring human trafficking and the operation of take-out only retail stores, such as Exotic Fantasies, which have no on-premises viewing facilities and which offer no live entertainment. Plaintiff alleges the following particulars:

A. The Legislature considered no data, testimony or evidence pertaining to adult retail stores such as Exotic Fantasies.

B. The Legislate made no specific findings of fact that adult retail stores - as opposed to "strip clubs" - had any link to human trafficking or that employees and contractors of such stores were uniquely vulnerable to trafficking.

C. As a matter of empirical fact, there is no link between human trafficking and adult retail stores, such as Exotic Fantasies, nor is there any evidence that employees and contractors of such stores are uniquely vulnerable to trafficking.

135. Inclusion of adult retail stores such as Exotic Fantasies among those businesses subject to the age-based ban imposed by HB 7063 is arbitrary and capricious.

136.  HB 7063 is unconstitutionally overbroad because it includes speech within its flat ban that is not reasonably subject to restriction given the government's asserted interests.

137.  Even if HB 7063 can be constitutionally applied to "strip clubs" such as Café Risque and Sinsations, it is unconstitutionally overbroad as applied to adult retail stores such as Exotic Fantasies.

138.  Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against Exotic Fantasies.

139.  As a direct and proximate result of the enactment of HB 7063, Exotic Fantasies has already suffered irreparable injury in the form of violations of its constitutional rights and will continue to suffer this harm in the future.

140.  Exotic Fantasies is entitled to preliminary and permanent injunctive relief, including but not limited to, an order enjoining all Defendants from enforcing HB 7063.

141.  Exotic Fantasies is also entitled to declaratory relief. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their rights under the United States Constitution.

WHEREFORE, Plaintiff Exotic Fantasies prays for the following relief:

A.     That this Court take jurisdiction over the parties and this cause.

B.    That this Court enter a judgment declaring that HB 7063 is unconstitutional on its face and as applied to Exotic Fantasies because the ban on adult performers, contractors and employees under the age of twenty-one is unconstitutionally overbroad.

C.    That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing HB 7063 against Exotic Fantasies and all other similarly adult take-out only retail stores.

D.    That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.    That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

<u>**COUNT IV**</u>
**THE AGE-BASED BAN**
**VIOLATES PLAINTIFFS' RIGHT OF FREE ASSOCIATION**
**GUARANTEED BY THE FIRST AMENDMENT**

142.    Plaintiffs reallege the facts set forth in Paragraphs 1-64, 69-76, 81-83, and 88-101, and incorporate those facts into this Count by reference.

143.    This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

144.   Plaintiffs are uncertain as to their rights and remedies under HB 7063, as it has been applied to Plaintiffs in violation of the Free Association Clause of the First Amendment to the United States Constitution.

145.   In order to promote, produce and disseminate their chosen speech - whether in the form of dance entertainment or adult media - Plaintiffs must employ and contract with individuals.

146.   Plaintiffs' speech rights have little meaning unless they can gather and associate with others of like mind  who wish to disseminate their chosen speech.

147.   Café Risque and Sinsations have the right to select those individual performers whom they wish to participate in their dance productions. That is, as producers of entertainment, Plaintiffs have a right to choose the actors, performers and artists who will appear in their shows free of government interference.

148.   Plaintiffs have a right to associate with adults of their own choosing, including the right to employ and contract with those adults.

149.   HB 7063 directly infringes upon Plaintiffs' right of free association because it bans their contacts - indiscriminately and completely - with an entire swathe of the adult population: those individuals between the ages of eighteen and twenty-one.

150.   The Legislature failed to consider or adopt readily available alternatives to the flat ban on association with adults under the age of twenty-one which would

advance the government's interests without unduly burdening Plaintiffs' right of free association.

151.  HB 7063 unreasonably burdens Plaintiffs' free association rights without measurably advancing any significant governmental interest.

152.  Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against these Plaintiffs.

153.  As a direct and proximate result of the enactment of HB 7063, Plaintiffs have already suffered irreparable injury in the form of violations of their constitutional rights and will continue to suffer this harm in the future.

154.  Plaintiffs are is entitled to preliminary and permanent injunctive relief, including but not limited to, an order enjoining all Defendants from enforcing HB 7063.

155.  Plaintiffs are also entitled to declaratory relief. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their rights under the United States Constitution.

WHEREFORE, Plaintiffs pray for the following relief:

A.    That this Court take jurisdiction over the parties and this cause.

B.    That this Court enter a judgment declaring that HB 7063 is unconstitutional on its face and as applied to the Plaintiffs because the ban on adult

performers, contractors and employees under the age of twenty-one infringes upon their right of association under the First Amendment.

      C.     That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing HB 7063 against Plaintiffs and all other similarly situated persons.

      D.     That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

      E.     That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

## <u>COUNT V</u>

### THE AGE-BASED BAN
### VIOLATES PLAINTIFFS' EQUAL PROTECTION RIGHTS

156.  Plaintiffs reallege the facts set forth in Paragraphs 1-84, and 88-101, and incorporate those facts into this Count by reference.

157.  This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

158.  Plaintiffs are uncertain as to their rights and remedies under HB 7063, as it has been applied to Plaintiffs in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

159.   The ban on adult performers, employees and contractors under the age of twenty-one violates Plaintiffs' right of Equal Protection as guaranteed by the Fourteenth Amendment.

160.   HB 7063 directly infringes upon the fundamental (First Amendment) rights of adults, such as Bushey, who are under the age of twenty-one but over the age of eighteen. Accordingly, heightened scrutiny is employed when weighing the asserted government interest.

161.   HB 7063 directly infringes upon the fundamental (First Amendment) rights of businesses, such as Café Risque, Sinsations and Exotic Fantasies, who wish to associate with adults under the age of twenty-one and to contract with and promote entertainment by such individuals. Accordingly, heightened scrutiny is employed when weighing the asserted government interest.

162.   The age-based ban on performers under the age of twenty-one is not supported by a compelling government interest and does not adopt the least restrictive means of regulation.

163.   The distinction made between adults over the age of twenty-one and those under twenty-one is discriminatory and does not advance a significant government interest; rather, it is irrational, arbitrary and invidious. Furthermore, the age-based distinction is directly linked to the content of the speech of the disadvantaged speaker.

164.   HB 7063 irrationally allows adult entertainment establishments to admit adults under the age of twenty-one as patrons while excluding performers, contractors and employees of comparable age.

165.   HB 7063 City irrationally allows persons under the age of twenty-one to own adult entertainment establishments while excluding performers, employees and contractors of comparable age from the premises altogether.

166.   The inclusion of take-out only adult retail stores among the group of businesses subject to HB 7063's ban on adults under the age of twenty-one is arbitrary and capricious as there is no link between such businesses and the asserted governmental interest in combatting human trafficking.

167.   Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against these Plaintiffs.

168.   As a direct and proximate result of the enactment of HB 7063, Plaintiffs have already suffered irreparable injury in the form of violations of their constitutional rights and will continue to suffer this harm in the future.

169.   Plaintiffs are is entitled to preliminary and permanent injunctive relief, including but not limited to, an order enjoining all Defendants from enforcing HB 7063.

170.   Plaintiffs are also entitled to declaratory relief. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their rights under the United States Constitution.

WHEREFORE, Plaintiffs pray for the following relief:

A.    That this Court take jurisdiction over the parties and this cause.

B.    That this Court enter a judgment declaring that HB 7063 is unconstitutional on its face and as applied to the Plaintiffs because the ban on adult performers, contractors and employees under the age of twenty-one violates Plaintiffs' right of Equal Protection guaranteed by the Fourteenth Amendment.

C.    That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing HB 7063 against Plaintiffs and all other similarly situated persons.

D.    That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.    That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

## COUNT VI

## SECTION 787.30 IS UNCONSTITUTIONALLY VAGUE

171.   Plaintiffs reallege the facts set forth in Paragraphs 1-68, and 85-101 and

incorporate those facts into this Count by reference.

172.   This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

173.   Plaintiffs are uncertain as to their rights and remedies under HB 7063, as its provisions are unconstitutionally vague on their face in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

174.   Section 787.30(2), Fla.Stat. makes it a crime for an "owner, a manager, an employee, or a contractor of an adult entertainment establishment [to] knowingly employ[]" an adult between the ages of eighteen and twenty-one.

175.   The key element of this statutory crime is the age of the contractor or employee; an adult entertainment establishment can comply with the statute simply by avoiding any intentional contracting with or employment of a person who is under the age of twenty-one.

176.   Section 787.30(3) nominally provides instructions as to how the owner, manager, employee or contractor of an adult entertainment establishment can ensure compliance with the statute. Id.

177.   Similar to the regulations governing minors is alcoholic beverage establishments, personnel associated with an adult entertainment establishment are

instructed to "carefully check the person's driver license or identification card" and to check the I.D. against the actual appearance of the individual. Id.

178.   The statute says that an adult entertainment establishment may "act in good faith and in reliance upon the representation and appearance of the person in the belief that the person is 21 years of age or older."

179.   The natural construction of §730.30(2) is that an owner, manager, employee or contractor of an adult entertainment establishment is not in violation of the statute if he employs or contracts with a person under the age of twenty-one unless he was aware of the true age of that individual.

180.   The natural construction of §§730.30(2) and (3) is that good faith reliance on a facially valid government ID is a means of demonstrating that any violation was not "knowing".

181.   The plain language and natural construction of §§730.30(2) and (3) are completely contradicted by the language in §730.30(4).

182.   As noted above, §730.30(4) expressly states that "a person's ignorance of another person's age or a person's misrepresentation of his or her age may not be raised as a defense in a prosecution for a violation of this section."

183.   The statute is internally inconsistent and cannot be interpreted in a manner which can give effect to all its subparts.

184.    This internal conflict goes to the heart of the new statutory crime as it determines whether the offense truly includes a *mens rea* requirement. Plaintiffs allege the following particulars:

A.    Section 730.30(2) appears to adopt a conventional *mens rea* requirement as the crime includes the element of a "knowing" violation.

B.    That conclusion is buttressed by §730.30(3) which establishes an affirmative defense based on reasonable reliance on a government ID coupled with an evaluation of the applicant's appearance.

C.    In contrast, §730.30(4) establishes an irrebuttable presumption of knowledge concerning the applicant's age (or more properly, it disallows any defense based on good faith reliance or mistake to refute that element).

D.    Section 730.30(4) expressly disallows the affirmative defense which was otherwise established by §730.30(3).

E.    Section 730.30(4) relieves the State from any obligation to show that the accused had knowledge of the age of the applicant.

F.    Because the age of the applicant is the only element of the crime in play, §730.30(4) effectively creates a strict liability crime: the owner, manager, contractor or employee can be found guilty of violating the statute even if that person did not actually know the age of the applicant because he relied on a facially proper ID.

185. HB 7063 is unconstitutionally vague because the statute is incoherent and internally inconsistent in a manner which cannot possibly be reconciled. A person of common intelligence cannot know if he has complied with the law as written and a law enforcement officer enforcing the statute - including these Defendants - is granted unfettered authority to determine when a knowing violation of the law has occurred.

186. The law is not susceptible to a limiting construction because §730.30(4) establishes an irrebuttable presumption of knowledge on its face and further expressly disallows reliance on any form of identification.

187. Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against these Plaintiffs.

WHEREFORE Plaintiffs pray for the following relief:

A.     That this Court takes jurisdiction over the parties in this cause.

B.     That this Court enter a judgment declaring that §§730.30(2), (3) and (4) are facially void and unenforceable because their conflicting provisions cannot be reconciled and any enforcement thereof would be arbitrary and capricious in violation of Plaintiffs' right of due process.

C.     That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing

§§730.30(2), (3) and (4) against Plaintiffs and all other similarly situated persons.

D.     That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.     That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

## **COUNT VII**
## **SECTION §730.30(4) IS UNCONSTITUTIONAL BECAUSE IT CREATES AN IRREBUTTABLE PRESUMPTION OF KNOWLEDGE AND IMPOSES STRICT CRIMINAL LIABILITY IN VIOLATION OF DUE PROCESS**

188.   Plaintiffs reallege the facts set forth in Paragraphs 1-77, 79-80, and 87-101,  and incorporate those facts into this Count by reference.

189.   This is an action for declaratory relief and injunctive relief against Defendants under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

190.   Plaintiffs are uncertain as to their rights and remedies under HB 7063, as certain of its provisions violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution as they allow for incarceration without any showing of *mens rea*.

191.   HB 7063 gives with one hand while taking away with the other: §730.30(2) provides the *mens rea* requirement of a "knowing violation"; §730.30(3)

provides for an affirmative defense based on reasonable investigation and reliance on a facially proper government ID; but §730.30(4) expressly states that the accused cannot escape conviction by demonstrating a good faith lack of knowledge.

192.   Section 730.30(4) states in no uncertain terms that "a person's ignorance of another person's age or a person's misrepresentation of his or her age may not be raised as a defense in a prosecution for a violation of this section."

193.   Section 730.30(4) allows for conviction and incarceration even if the accused made a diligent effort to discover the true age of an applicant but was thwarted by skillful fraud and deception on the part of the applicant.

194.   By disallowing any defense based on good faith reliance, §730.30(4) creates an irrebuttable presumption of knowledge.

195.   By negating the *mens rea* requirement of a "knowing' violation, §730.30(4) makes employment or contracting with an adult between the ages of eighteen and twenty-one a strict liability crime.

196.   Section 730.30(4) allows for the conviction of an owner, manager, contractor or employee on a vicarious basis arising from the wrongdoing or negligence of a third party.

197.   By way of example, an owner may retain a twenty-year old performer who presents a false ID following his careful review of that putative identification card and consideration of her visage. The owner may then inform a manager that he

inspected the ID, that the performer is of lawful age and that the manager should allow the dancer to perform on stage. Under these circumstances, the owner may be convicted notwithstanding his reasonable reliance on the false, but seemingly compliant identification. The manager may also be convicted even if he reasonably relied on the owner's inspection of the performer's credentials.

198. Section 730.30(4) violates the Due Process Clause because it imposes strict criminal liability without a showing of *mens rea*.

199. Section 730.30(4) violates the Due Process Clause because it allows for the incarceration of owners, managers, employees and contractors, based on vicarious liability for the acts of third parties.

200. Individuals may not be incarcerated for crimes on the basis of strict or vicarious liability. *See, generally*, <u>Lady J. Lingerie, Inc. v. City of Jacksonville</u>, 176 F.3d 1358, 1367-68 (11th Cir. 1999).

201. Defendants are responsible for enforcing HB 7063. There exists a credible threat that they will enforce that law against these Plaintiffs.

WHEREFORE, Plaintiffs pray for the following relief:

A. That this Court takes jurisdiction over the parties in this cause;

B.      That this Court determine and declare that Section 730.30(4) violates the Due Process Clause because it allows for the imposition of criminal penalties on a strict liability basis without proof of *mens rea*.

C.      That this Court determine and declare that Section 730.30(4) violates the Due Process Clause because it allows for incarceration based on vicarious criminal responsibility and without a showing of a "responsible relationship".

D.      That this Court enter a preliminary and permanent injunction forever enjoining Defendants and their officers, agents and employees, from enforcing §730.30(4) against Plaintiffs and all other similarly situated persons.

E.      That this Court award Plaintiffs their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

F.      That this Court award Plaintiffs all other relief in law and in equity to which they may be entitled.

BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.

  /s/  Gary S. Edinger
GARY S. EDINGER, Esquire
Florida Bar No.: 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440/ 337-0696 (Fax)
GSEdinger12@gmail.com

*Attorneys for Plaintiff*